IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOY CARTER,<br>    PLAINTIFF,<br><br>v.<br><br>RED CEDAR ASSOCIATES LLC,<br>ROCKY MOUNTAIN CAPITAL MANAGEMENT, LLC,<br>DEBT DIRECT PORTFOLIO MANAGEMENT, LLC<br>(f/k/a CHEBAT PORTFOLIO MANAGEMENT, LLC),<br>LEXON INSURANCE COMPANY, and<br>WESTERN SURETY COMPANY<br>    DEFENDANTS | Case No. 5:19-cv-855 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq.* by Red Cedar Associates LLC ("Red Cedar"), Great Arrow Associates LLC ("Great Arrow"), Rocky Mountain Capital Management, LLC ("Rocky Mountain") and Debt Direct Portfolio Management, LLC f/k/a Chebat Portfolio Management, LLC ("Chebat").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that all defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

## PARTIES

6. Plaintiff, Loy Carter ("Plaintiff"), is an adult individual residing in Bexar County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Red Cedar is a New York business entity operating from the Buffalo, New York area.

8. Red Cedar is not registered to do business in Texas and does not have a registered agent in Texas, but can be served via its registered agent in New York, Peltan Law PLLC, at 128 Church Street, East Aurora, NY or as permitted by Texas or New York law.

9. As will be described below, Red Cedar communicated with Plaintiff for the purpose of getting Plaintiff to pay Red Cedar on a past-due financial obligation that will also be described below.

10. The principal purpose of Red Cedar is the collection of debts using the mails and telephone and other means.

11. Red Cedar regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. Red Cedar is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

13. Defendant Lexon Insurance Company ("Lexon") is liable for the acts committed by Red Cedar complained of herein pursuant to, and to the extent provided by, Chapter 392 of

the Texas Finance Code and a bond secured pursuant thereto, bond number 1142343, as well as any other applicable law.

14. Lexon is a foreign entity that can be served in the state of Texas via its registered agent, Jay A Thompson, at 701 Brazos St, Ste 1500, Austin, TX 78701.

15. Rocky Mountain is a Delaware business entity operating from the Amherst, NY area.

16. Rocky Mountain can be served via its registered agent in Texas, Registered Agents, Inc., at 700 Lavaca St, Suite 1401, Austin, TX  78701, or as permitted by Texas or New York or Delaware law.

17. As will be described below, Rocky Mountain communicated with Plaintiff on the telephone, provided Plaintiff with information about his past-due account and gave Plaintiff instructions on how he could resolve the account.

18. The principal purpose of Rocky Mountain is the collection of debts using the mails and telephone and other means.

19. Rocky Mountain regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

20. Rocky Mountain is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

21. Debt Direct Portfolio Management, LLC (formerly known as Chebat Portfolio Management, LLC) ("Chebat") is a New York business entity operating from the Buffalo, NY area.

22. Chebat can be served via its registered agent in Texas, Registered Agents, Inc., at 700 Lavaca St, Suite 1401, Austin, TX 78701, or as permitted by Texas or New York or Delaware law.

23. As will be described below, Chebat communicated with Plaintiff on the telephone, provided Plaintiff with information about his past-due account and gave Plaintiff instructions on how he could resolve the account.

24. The principal purpose of Chebat is the collection of debts using the mails and telephone and other means.

25. Chebat regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

26. Chebat is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

27. Defendant Western Surety Company ("Western") is liable for the acts committed by Rocky Mountain complained of herein pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 64476217, as well as any other applicable law.

28. Western is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## FACTUAL ALLEGATIONS

29. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, the Account was an old personal loan, the funds from which Plaintiff used to purchase various personal effects, but did not use the funds for business or commercial purposes.

30. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

31. The Account allegedly went into default with the original creditor.

32. Plaintiff admits the existence of the account, but disputes the amount Defendants attempted to collect from them.

33. Plaintiff requests that Defendants cease all further communications regarding the Account.

34. After the Account allegedly went into default, the Account was purchased by Rocky Mountain for collection.

35. After purchasing Plaintiff's account, Rocky Mountain hired Chebat and Red Cedar to collect the Account.

36. At all times when Red Cedar communicated with Plaintiff it identified itself with an unregistered fictitious business name of "Crestwood Capital."

37. On July 17, 2018, Plaintiff received a voicemail message from Red Cedar and/or Chebat, which stated:

> Hello, Loy Carter, my name is Veronica Anthony and I'm calling you today regarding some paperwork you need to sign for. In my office today I received a request under your name and Social Security number to place you on my schedule and have you sign for documents regarding the claim that an office is looking to place against you. I

      have placed you on my schedule and I will be issuing your paperwork on July 18th. I will be stopping by for a signature on that date. So please make sure you are available. If you have any questions regarding this matter, I would advise you to contact the party who has issued your notice. Their direct office number is 866-801-8594. You also have a reference number 1051419. Loy Carter, I have now placed you on my schedule and properly notified you and unless I hear different from the issuer's office, I'll see you July 18th.

38. Plaintiff called back to the number left in the voicemail and was told that the creditor was trying to "pursue" him to get the balance if he didn't "pay it back voluntarily."

39. Plaintiff called the original creditor on the account who told him that the account had been sold to Rocky Mountain Capital Management, LLC.

40. Plaintiff called Rocky Mountain and was told that Rocky Mountain had hired Chebat to collect the account for Rocky Mountain.

41. Rocky Mountain did not inform Plaintiff that the call was with a debt collector or that the communication was an attempt to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

42. Rocky Mountain also did not provide Plaintiff with the required disclosures under 15 U.S.C. §1692g.

43. Plaintiff then called Chebat who told him that they were collecting the account for Rocky Mountain.

44. In the call to Chebat, Chebat did not inform Plaintiff that the call was with a debt collector or that the communication was an attempt to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

45. Chebat also did not provide Plaintiff with the required disclosures under 15 U.S.C. §1692g.

46. Chebat controls Red Cedar.

47. The statements made by Red Cedar and/or Chebat in the voicemail of July 17, 2018 and subsequent phone calls were false and misleading statements.

48. By using the language described above, Red Cedar and/or Chebat caused Plaintiff to believe that a lawsuit had been filed or imminently would be filed and that a process server was looking for Plaintiff to serve him at an embarrassing time.

49. The language described above would have caused the least sophisticated consumer to believe that a lawsuit had been filed or imminently would be filed and that a process server might serve him or her at an embarrassing time.

50. All of this language was used to scare Plaintiff into making a payment on the Account.

51. In all of the communications described above with Red Cedar, Red Cedar did not inform Plaintiff that the caller was a debt collector or that the call was an attempt to collect a debt or that any information would be used for the purpose of debt collection.

52.  Red Cedar never informed Plaintiff of his rights to dispute the debt or request validation of the debt in the first communication with Plaintiff or within five days of the first communication with Plaintiff.

53. Each telephone call with Plaintiff described herein constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

54. The only reason that Red Cedar and/or Chebat and/or Rocky Mountain and/or representative(s), employee(s) and/or agent(s) of each communicated with Plaintiff was to attempt to collect the Account.

55. All of the conduct by Red Cedar and/or Chebat and/or Rocky Mountain and their respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

56. As a consequence of the collection activities and communication(s) by Red Cedar and/or Chebat and/or Rocky Mountain, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

57. At all times relevant to the allegations in this complaint, Rocky Mountain maintained its ownership of the Account and intended to profit substantially from the work of Chebat and Red Cedar.

58. Rocky Mountain monitored the work of Chebat.

59. Rocky Mountain monitored the work of Red Cedar.

60. Chebat monitored the work of Red Cedar.

61. Rocky Mountain was aware of the requirements for Chebat and Red Cedar to collect debts in compliance with federal and state laws.

62. Chebat was aware of the requirements for Red Cedar to collect debts in compliance with federal and state laws.

63. Having secured and filed its own surety bond in compliance with Texas law, Rocky Mountain was aware that a surety bond was required to be filed with the Texas Secretary of State for companies to collect debts from consumers in Texas.

64. Chebat did not have a surety bond on file with the Texas Secretary of State prior to attempting collections from Plaintiff.

65. Rocky Mountain knew that Chebat did not have a surety bond on file with the Texas Secretary of State prior to attempting collections from Plaintiff.

66. Rocky Mountain was also aware of the unlawful collection practices used by Chebat and Red Cedar.

67. Chebat had actual knowledge that Red Cedar repeatedly or continuously engaged in acts or practices prohibited by Chapter 392 of the Texas Finance Code.

68. Rocky Mountain had actual knowledge that Chebat and/or Red Cedar repeatedly or continuously engaged in acts or practices prohibited by Chapter 392 of the Texas Finance Code.

### RESPONDEAT SUPERIOR

69. The representative(s) and/or collector(s) of Red Cedar were employee(s) and/or agents of Red Cedar at all times mentioned herein.

70. The representative(s) and/or collector(s) at Red Cedar were acting within the course of their employment at all times mentioned herein.

71. The representative(s) and/or collector(s) at Red Cedar were under the direct supervision and control of Red Cedar and/or Chebat.

72. The actions of the representative(s) and/or collector(s) at Red Cedar are imputed to their employer, Red Cedar, and/or their principals, Chebat and/or Rocky Mountain.

73. Red Cedar acted at all times as an agent of Chebat.

74. The actions of Red Cedar are imputed to Chebat.

75. Chebat acted at all times as an agent of Rocky Mountain.

76. The actions of Red Cedar and/or Chebat are imputed to Rocky Mountain.

### COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY RED CEDAR ASSOCIATES LLC

77. The previous paragraphs are incorporated into this Count as if set forth in full.

78. The act(s) and omission(s) of Red Cedar and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6) and § 1692e(2)&(3)&(5)&(8)&(10)&(11) and § 1692g(a).

79. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Red Cedar.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE
## BY RED CEDAR ASSOCIATES LLC

80. The previous paragraphs are incorporated into this Count as if set forth in full.

81. The act(s) and omission(s) of Red Cedar and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.304(a)(1)&(4)&(5)(A)&5(B)&(8)&(14)&(19).

82. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Red Cedar.

83. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Red Cedar enjoining it from future violations of the Texas Finance Code as described herein.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
## BY RED CEDAR ASSOCIATES LLC

84. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Red Cedar is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   Red Cedar intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

85. Plaintiff suffered actual damages from Red Cedar as a result of Red Cedar's intrusion.

## COUNT IV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
## BY ROCKY MOUNTAIN CAPITAL MANAGEMENT, LLC

86. The previous paragraphs are incorporated into this Count as if set forth in full.

87. The act(s) and omission(s) of Rocky and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(11) and § 1692g(a).

88. By influencing and/or controlling the conduct of Chebat and/or Red Cedar, Rocky Mountain is liable for the act(s) and omission(s) of Chebat and/or Red Cedar and their respective representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692d(6) and § 1692e(2)&(3)&(5)&(8)&(10)&(11) and § 1692g(a).

89. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Rocky Mountain.

### COUNT V:  VIOLATIONS OF THE TEXAS FINANCE CODE BY ROCKY MOUNTAIN CAPITAL MANAGEMENT, LLC

90. The previous paragraphs are incorporated into this Count as if set forth in full.

91. The act(s) and omission(s) of Rocky Mountain and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.304(a)(5)(A)&5(B) and § 392.306.

92. By influencing and/or controlling the conduct of Chebat and/or Red Cedar, Rocky Mountain is liable for the act(s) and omission(s) of Chebat and/or Red Cedar and their respective representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code § 392.304(a)(1)&(4)&(5)(A)&5(B)&(8)&(14)&(19) and § 392.101.

93. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Rocky Mountain.

94. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Rocky Mountain enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT VI:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY ROCKY MOUNTAIN CAPITAL MANAGEMENT, LLC

95. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating

all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Rocky Mountain is liable to Plaintiff for colluding with Chebat and/or Red Cedar to invade Plaintiff's privacy (intrusion on seclusion).  Rocky Mountain intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

96. Plaintiff suffered actual damages from Rocky Mountain as a result of Rocky Mountain's intrusion.

### COUNT VII:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY DEBT DIRECT PORTFOLIO MANAGEMENT, LLC (f/k/a CHEBAT PORTFOLIO MANAGEMENT, LLC),

97. The previous paragraphs are incorporated into this Count as if set forth in full.

98. The act(s) and omission(s) of Chebat and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(11) and § 1692g(a).

99. By influencing and/or controlling the conduct of Red Cedar, Chebat is liable for the act(s) and omission(s) of Red Cedar companies and individuals and its respective representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692d(6) and § 1692e(2)&(3)&(5)&(8)&(10)&(11) and § 1692g(a).

100. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Chebat.

### COUNT VIII:  VIOLATIONS OF THE TEXAS FINANCE CODE BY DEBT DIRECT PORTFOLIO MANAGEMENT, LLC (f/k/a CHEBAT PORTFOLIO MANAGEMENT, LLC),

101. The previous paragraphs are incorporated into this Count as if set forth in full.

102. The act(s) and omission(s) of Chebat and its representative(s), employee(s) and/or agent(s) violated and Tex. Fin. Code § 392.101 and § 392.304(a)(5)(A)&5(B) and § 392.306.

103. By influencing and/or controlling the conduct of Red Cedar, Chebat is liable for the act(s) and omission(s) of Red Cedar and its respective representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code § 392.304(a)(1)&(4)&(5)(A)&5(B)& (8)&(14)&(19).

104. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Chebat.

105. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Chebat enjoining it from future violations of the Texas Finance Code as described herein.

**COUNT IX:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
BY DEBT DIRECT PORTFOLIO MANAGEMENT, LLC
(f/k/a CHEBAT PORTFOLIO MANAGEMENT, LLC),**

106. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Chebat is liable to Plaintiff for colluding with Red Cedar to invade Plaintiff's privacy (intrusion on seclusion).  Chebat intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

107. Plaintiff suffered actual damages from Chebat as a result of the intrusion on Plaintiff's privacy.

## COUNT X:  IMPUTED LIABILITY OF WESTERN SURETY COMPANY FOR LIABILITY OF ROCKY MOUNTAIN CAPITAL MANAGEMENT, LLC

108. The previous paragraphs are incorporated into this Count as if set forth in full.

109. The act(s) and omission(s) of Rocky Mountain and its representative(s), employee(s) and/or agent(s) in violation of the Texas Finance Code § 392.001, et seq. as described above are imputed to Western pursuant to Tex. Fin. Code § 392.102.

110. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Western.

## COUNT XI:  IMPUTED LIABILITY OF LEXON INSURANCE COMPANY FOR LIABILITY OF RED CEDAR ASSOCIATES LLC

111. The previous paragraphs are incorporated into this Count as if set forth in full.

112. The act(s) and omission(s) of Red Cedar and its representative(s), employee(s) and/or agent(s) in violation of the Texas Finance Code § 392.001, et seq. as described above are imputed to Lexon pursuant to Tex. Fin. Code § 392.102.

113. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Lexon.

## EXEMPLARY DAMAGES

114. Exemplary damages should be awarded against Red Cedar, Chebat and/or Rocky Mountain because the harm with respect to which Plaintiffs seek recovery of exemplary damages resulted from malice (which means that there was a specific intent by Red Cedar, Chebat and/or Rocky Mountain to cause substantial injury or harm to Plaintiffs) and/or gross negligence (which means that the actions and/or omissions of Red Cedar, Chebat and/or Rocky Mountain (i) when viewed objectively from the standpoint of Red Cedar, Chebat and/or Rocky Mountain at the time of the acts and/or omissions, those

acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Red Cedar, Chebat and/or Rocky Mountain had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

115. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following:

116. Judgment in favor of Plaintiff and against Red Cedar Associates LLC as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Statutory damages in the amount of not less than $100 for each violation of Tex. Fin. Code chapter 392, pursuant to Tex. Fin. Code § 392.403;

   e. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

   f. An injunction permanently enjoining WEBSTER from future violations of the Texas Finance Code as described herein;

   g. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

   h. Such other and further relief as the Court deems just and proper.

117. Judgment in favor of Plaintiff and against Rocky Mountain Capital Management, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Statutory damages in the amount of not less than $100 for each violation of Tex. Fin. Code chapter 392, pursuant to Tex. Fin. Code § 392.403;

    e. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    f. An injunction permanently enjoining ROCKY MOUNTAIN from future violations of the Texas Finance Code as described herein;

    g. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    h. Such other and further relief as the Court deems just and proper.

118. Judgment in favor of Plaintiff and against Debt Direct Portfolio Management, LLC (formerly known as Chebat Portfolio Management, LLC) as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Statutory damages in the amount of not less than $100 for each violation of Tex. Fin. Code chapter 392, pursuant to Tex. Fin. Code § 392.403;

    e. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    f. An injunction permanently enjoining UHG from future violations of the Texas Finance Code as described herein;

    g. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    h. Such other and further relief as the Court deems just and proper.

119. Judgment in favor of Plaintiff and against Lexon Insurance Company as follows:

    a. Statutory damages in the amount of not less than $100 for each violation of Tex. Fin. Code chapter 392, pursuant to Tex. Fin. Code § 392.403;

    b. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    c. Such other and further relief as the Court deems just and proper.

120. Judgment in favor of Plaintiff and against Western Surety Company as follows:

    a. Statutory damages in the amount of not less than $100 for each violation of Tex. Fin. Code chapter 392, pursuant to Tex. Fin. Code § 392.403;

    b. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    c. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
_____
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103 – PMB 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff